IN THE CIRCUIT COURT
OF THE TWENTIETH JUDICIAL CIRCUIT,
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JANE DOE, a fictitious name,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF EAST ST. LOUIS,<br>RAMONE CARPENTER, and<br>CHRISTOPHER PARKS<br><br>    Defendants. | )<br>)  13L326<br>)<br>)<br>)  Case Number<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED ST. CLAIR COUNTY JUN 26 2013

## COMPLAINT

NOW COMES the Plaintiff, JANE DOE, a fictitious name, by and through her undersigned attorneys, and in complaining against Defendants, The City of East St. Louis, Officer Ramone Carpenter, and Officer Christopher Parks, states as follows:

### PARTIES

1. Defendant City of East St. Louis is a municipality organized under the laws of the State of Illinois.

2. That at all times pertinent hereto, the Defendant, City of East St. Louis, was a municipality maintaining a certain police department, commonly referred to as the East St. Louis Police Department.

3. At all relevant times, Defendant East St. Louis Police Officer Ramone Carpenter ("Carpenter") was acting under color of law and in the course of his employment with the City of East St. Louis.



EXHIBIT A

4. At all relevant times, Defendant East St. Louis Police Officer Christopher Parks ("Parks") was acting under color of law and in the course of his employment with the City of East St. Louis.

5. At all relevant times, Jane Doe, a fictitious name, was a citizen of the United States and a resident of St. Clair County. Her name has been hidden due to the sensitive nature of this case.

6. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against the City of East St. Louis and East St. Louis Police Officers Ramone Carpenter and Christopher Parks, individually.

## FACTS

7. On or around the early morning hours of May 8, 2012, Plaintiff was driving near the intersection of Louisiana Blvd. and 25th Street, in East St. Louis, Illinois.

8. At or near said intersection, Plaintiff was pulled over without probable cause by East St. Louis Police Officers Defendants Ramone Carpenter and Christopher Parks.

9. Parks and Carpenter were the only officers on patrol that particular night. Officer Carpenter outranked Parks and/or was the senior officer on patrol.

10. The defendants never called in the traffic stop to dispatch nor did they run Plaintiff's information.

11. Instead, Defendant Carpenter conducted a pat-down "frisk" search of the Plaintiff in an inappropriate manner. Carpenter grasped and fondled her breasts while also touching her crotch and buttocks.

2

12. The defendants then asked Plaintiff if she had a boyfriend or if there was anyone at her home. Plaintiff stated she didn't have a boyfriend and her children were left home alone while she went to the store.

13. The officers then demanded they follow Plaintiff back to her house.

14. When Plaintiff and the officers arrived at Plaintiff's home, the officers conducted a search of the residence despite not having a warrant or any probable cause to do so.

15. In addition to being fearful of arrest, Plaintiff was afraid the police officers were going to alert child protective services that she had left her children unattended while she went to the store.

16. Defendant Carpenter then asked Plaintiff to get into his police car and drove her to Jones Park in East St. Louis, Illinois while Defendant Parks followed in his squad car.

16. While at Jones Park, Defendant Carptenter got out of his car and told something to Defendant Parks. Parks then drove away.

17. Defendant Ramone Carpenter then demanded oral sex from Plaintiff.

18. Fearful of the implied threat of arrest, force and/or losing her children, and generally fearful of the Defendant's status as a police officer, Plaintiff acquiesced to the Defendant's demands.

19. Said sex act was coerced.

20. Defendant Parks was aware that Defendant Carpenter planned to sexually assault the Plaintiff and did nothing.

### COUNT I – 42 U.S.C. §1983
### (Violation of Civil Rights)

21. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

3

22. The aforementioned conduct of Defendants Carpenter and Parks was in violation of the United States Constitution.

23. The actions of the defendant officers were objectively unreasonable and were undertaken with willful indifference to Plaintiff's constitutional rights.

24. The actions of the defendants were undertaken with malice, willfulness, and reckless indifference to the rights of others.

25. This misconduct by the defendant officers was undertaken pursuant to the custom, policy and practice of the East St. Louis Police Department in that:

   a. As a matter of custom, policy, and practice, the East St. Louis Police Department directly encourages and supports the type of misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference;

   b. As a matter of custom, policy, and practice, the East St. Louis Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct;

   c. Municipal policy makers are aware of and condone the types of misconduct at issue here, evidenced by their disciplinary inaction and failure to report and address misconduct by East St. Louis Police Officers, including Defendant officer;

   d. The City of East St. Louis has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries in this case;

   e. Defendant Carpenter was of sufficient rank and/or was in such a position that his actions constitute the custom and policy of the City of East St. Louis; and

   f. On the night in question, Officers Carpenter and Parks were the only officers on patrol in East St. Louis and as such their misconduct constitutes the custom and policy of the East St. Louis Police Department.

25. As a result of the Defendant officers' unjustified actions, as well as Defendant City of East St. Louis's custom, policies, and practices, Plaintiff experienced pain and suffering.

4

WHEREFORE, Plaintiff, Jane Doe, a fictitious name, respectfully requests that this court enter judgment against Defendants, City of East St. Louis, East St. Louis Police Officer Ramone Carpenter, and East St. Louis Police Officer Christopher Parks, awarding compensatory damages, attorney's fees, and punitive damages against Defendants Ramone Carpenter and Christopher Parks in their individual capacities, and for any further relief this court deems just.

## COUNT II

### 42 U.S.C. § 1983
### City of East St. Louis Maintains an Unconstitutional
### Policy, Custom or Widespread Practice

26. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

27. As a matter of unofficial policy, custom, and/or widespread practice, the East St. Louis Police Department facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline instances of similar misconduct by its officers, thereby leading East St. Louis police officers to believe their actions will never be properly scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, East St. Louis police officers accused of wrong-doing can be confident that the East St. Louis Police Department will not properly investigate those accusations in earnest, and will refuse to recommend appropriate discipline even where the officer has engaged in acts which violate the rights of others.

28. Generally, as a matter of widespread practice so prevalent as to constitute municipal policy, officers of the East St. Louis Police Department regularly commit illegal actions and violate the rights of persons on a frequent basis, to wit:

5

    a.    In 2013, an East St. Louis police detective was arrested with five kilograms of cocaine and charged with conspiracy to distribute and possession with intent to distribute said drugs.

    b.    In 2012, the Chief of Police for East St. Louis was charged with making false statements to federal authorities in relation to his theft of electronics from an abandoned vehicle while chief of a different municipality. This individual had previously served as Chief of Police for East St. Louis before being terminated for leaving over fifty homicide cases uninvestigated.

    c.    In 2011, an East St. Louis Police officer was charged with stealing an expensive watch out of a citizen's car that he was having towed. This police officer was also later charged with collecting unemployment benefits while working for East St. Louis.

    d.    In 2011, a dispatcher for the East St. Louis Police department was charged with texting fugitives and warning them when the police were on their way to make an arrest.

    e.    In 2005, an East St. Louis Police Officer was charged with using prostitutes to extort money and property from individuals that were soliciting prostitution through his position as a police officer.

    f.    In 2005, an East St. Louis Police officer, who had become an officer despite having a felony conviction, was arrested for being a felon in possession of a firearm after an altercation with another officer. He was also charged with making bribes and obstructing justice in relation to an effort to obtain the gun that had been seized from him. The East St. Louis police chief at the time was also charged for obstruction of justice for destroying records of the arrest and hiding the gun that had been seized. This Chief was also charged with making false statements before the Grand Jury.

    g.    In 2004, an East St. Louis detective, who was the department's internal affairs officer, was charged with taking cash payments in return for ordering the release of seized funds and for making false statements to federal agents.

29.    The East St. Louis Police Department makes findings of wrongdoing in a disproportionally small number of cases.

6

30. Municipality policy-makers are aware of, and condone and facilitate by their inaction, a "blue wall of silence" in the East St. Louis Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case, or fail to properly discipline instances of misconduct to deter future wrongdoing.

31. In this case, the East St. Louis Police Chief's initial recommendation for discipline of these two officers was thirty days suspension each. Clearly this is inadequate to deter wrongdoing such as the sexual assault which occurred here.

32. Also, on the night in question, Officers Carpenter and Parks were the only officers on patrol in East St. Louis and as such their misconduct constitutes the custom and policy of the East St. Louis Police Department.

33. The City has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of same, thereby condoning, contributing to, and causing the types of injuries alleged here.

34. As a matter of express policy, the City does not retain adequate records, or adequate record retrieval mechanisms, to document instances of misconduct within the East St. Louis Police Department.

35. The allegations and factual contentions relating to the City's practices and policies as described herein will have further evidentiary support after a reasonable opportunity for further investigations and discovery.

36. As a direct and proximate result of the above-described acts or omissions by the City, Plaintiff has been substantially injured, all resultant and attributable to the deprivation of Plaintiff's constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

7

WHEREFORE, Plaintiff, Jane Doe, a fictitious name, respectfully requests that this court enter judgment against Defendants, City of East St. Louis, East St. Louis Police Officer Ramone Carpenter, and East St. Louis Police Officer Christopher Parks, awarding compensatory damages, attorney's fees, and punitive damages against Defendants Ramone Carpenter and Christopher Parks in their individual capacities, and for any further relief this court deems just.

## COUNT II
### (Battery)

37.  Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

38.  At all relevant times, Defendant Carpenter was an authorized officer, agent, and employee of the East St. Louis Police Department and City of East St. Louis and was acting in the course of his employment.

39.  That the actions of the Defendant Carpenter constituted offensive physical conduct made without the consent of Plaintiff.

40.  That the Defendant Carpenter's actions were undertaken intentionally, willfully, and wantonly.

41.  As a direct and proximate result of the actions of Officer Carpenter, individually and as officer, agent, and employee of Defendant, City of East St. Louis, Plaintiff received substantial physical and emotional injuries.

WHEREFORE, Plaintiff, Jane Doe, a fictitious name, respectfully requests that this court enter judgment against Defendants, City of East St. Louis, East St. Louis Police Officer Ramone Carpenter, and East St. Louis Police Officer Christopher Parks, awarding compensatory

damages, attorney's fees, and punitive damages against Defendants Ramone Carpenter and Christopher Parks in their individual capacities, and for any further relief this court deems just.

### COUNT III
### (Willful and Wanton)

42. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

43. At all relevant times, Defendant, City of East St. Louis, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to officers Carpenter and Parks, owed a duty of care to Plaintiff to refrain from willful and wanton conduct which would endanger the rights of others, including Plaintiff.

44. At all relevant times, it was the duty of Defendants Carpenter and Parks, individually and as officers, agents, and/or employees of the City of East St. Louis, to refrain from willful and wanton conduct which would affect the rights of others, including Plaintiff.

45. Defendants Carpenter and Parks, individually and as officers, agents, and/or employees of Defendant City of East St. Louis, breached the aforementioned duty by using the threat of arrest and/or force to coerce Plaintiff to perform oral sex on one of them while the other failed to protect her rights.

46. As a direct and proximate result of the actions of Defendants Carpenter and Parks, individually and as officers, agents, and employees of Defendant, City of East St. Louis, Plaintiff received substantial injuries.

WHEREFORE, Plaintiff, Jane Doe, a fictitious name, respectfully requests that this court enter judgment against Defendants, City of East St. Louis, East St. Louis Police Officer Ramone Carpenter, and East St. Louis Police Officer Christopher Parks, awarding compensatory

9

damages, attorney's fees, and punitive damages against Defendants Ramone Carpenter and Christopher Parks in their individual capacities, and for any further relief this court deems just.

### COUNT IV – Respondent Superior

47. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

48. In committing the acts alleged in the preceding paragraphs, Defendant Officers Carpenter and Parks were members of, and acting as agents of, the East St. Louis Police Department, acting at all relevant times within the scope of their employment.

49. Defendant City of East St. Louis is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, Jane Doe, a fictitious name, respectfully requests that this court enter judgment against Defendants, City of East St. Louis, East St. Louis Police Officer Ramone Carpenter, and East St. Louis Police Officer Christopher Parks, awarding compensatory damages, attorney's fees, and punitive damages against Defendants Ramone Carpenter and Christopher Parks in their individual capacities, and for any further relief this court deems just.

### COUNT V – Indemnification

50. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth.

51. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

10

52. Defendant Officers Carpenter and Parks are or were employees of the East St. Louis Police Department who acted in the scope of their employment when committing the misconduct described herein.

WHEREFORE, Plaintiff, Jane Doe, a fictitious name, respectfully requests that this court enter judgment against Defendants, City of East St. Louis, East St. Louis Police Officer Ramone Carpenter, and East St. Louis Police Officer Christopher Parks, awarding compensatory damages, attorney's fees, and punitive damages against Defendants Ramone Carpenter and Christopher Parks in their individual capacities, and for any further relief this court deems just.

Respectfully submitted,

Dated: June 26, 2013

Michael Gras, IL 06303414
LAW OFFICE OF CHRISTOPHER CUETO, LTD.
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277-1554
Fax: (618) 277-0962

**TRIAL BY JURY DEMANDED ON ALL COUNTS**