IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY OF EAST ST. LOUIS, RAMONE CARPENTER and CHRISTOPHER PARKS,<br><br>            Defendants. | Case No. 13-cv-749-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant City of East St. Louis' ("ESL") motion to dismiss (Doc. 4). Plaintiff Jane Doe filed her response (Doc. 8). For the following reasons, the Court grants in part and denies in part the motion.

1. **Background**

Accepting Doe's allegations as true, the following are the relevant facts. In the early morning hours of May 8, 2012, Doe was driving her vehicle when East St. Louis police officers Ramone Carpenter and Christopher Parks pulled her over without cause. Carpenter inappropriately frisked Doe, touching her breasts, crotch and buttocks. Carpenter and Parks then asked Doe if she had a boyfriend or if anyone was at her house. Doe informed the officers that she did not have a boyfriend and her children were at her house while she went to the store. The officers followed Doe back to her home where they conducted a search of her residence without a warrant or probable cause. Fearful of arrest or that the officers would report her for leaving her children unattended, Doe returned to Carpenter's police car pursuant to his request. Carpenter drove Doe to Jones Park in East St. Louis, and Parks followed in his squad car. When they arrived at the park, Carpenter and Parks had a conversation and Parks eventually drove away.

Carpenter demanded oral sex from Doe. Out of fear, Doe complied with Carpenter's request. Upon learning of the officers' conduct, the East St. Louis Police Department's police chief recommended each officer be suspended for thirty days.

Doe alleges that the East St. Louis Police Department facilitated the alleged sexual misconduct of its officers by failing to adequately investigate, punish or discipline misconduct. Because officers do not fear punishment, East St. Louis Police Department effectively encourages civil rights abuses. Doe then alleges several other instances of officer misconduct and civil rights violations committed by East St. Louis police officers. According to Doe, the East St. Louis Police Department rarely makes findings of wrongdoing and facilitates officers' abuses through a "blue wall of silence" wherein officers fail to report fellow officer misconduct.

On June 26, 2013, Doe filed her complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois alleging (1) Count One – civil rights violation pursuant to 42 U.S.C. § 1983; (2) Count Two – a *Monell* claim; (3) Count Three[1] - Battery; (4) Count Four[2] – Willful and Wanton; (5) Count Five[3] – Respondeat Superior; and (6) Count Six[4] - Indemnification. ESL contends Doe's complaint must be dismissed because she (1) fails to allege a municipal policy; (2) fails to identify an official with final policy making authority; (3) fails to allege that a policy or custom was the 'moving force' behind the alleged constitutional violations; and (4) cannot establish *respondeat superior* liability because defendants Ramone Carpenter and Christopher Parks were not acting within the scope of their employment at the

---

[1] Doe labels her battery claim as "Count II" in her complaint, but it is actually the third count contained in the complaint.
[2] Doe labels her willful and wanton claim as "Count III" in her complaint, but it is actually the fourth count contained in the complaint.
[3] Doe labels her *respondeat superior* claim as "Count IV" in her complaint, but it is actually the fifth count contained in the complaint. Hereinafter, the Court will refer to the *respondeat superior* claim as "Count Five."
[4] Doe labels her indemnification claim as "Count V" in her complaint, but it is actually the sixth count contained in the complaint.

time of the alleged incident.  The Court will now consider whether ESL is entitled to judgment as a matter of law.

    **2.  Analysis**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009);  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

3

### a. Municipal Policy

ESL first argues the complaint must be dismissed because Doe fails to properly allege a *Monell* claim. Specifically, ESL contends Doe makes only conclusory allegations of a policy or custom that is unsupported by factual allegations.

To plead a municipal liability claim against ESL, Doe must allege "(1) [she] suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for [ESL]; which (3) was the proximate cause of [her] injury." *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000). *McCormick*, a pre-*Twombly* case, found that conclusory allegations with regard to a city's custom, policy or practice are sufficient to survive a Rule 12(b)(6) motion to dismiss. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). The Court notes that other district courts in this Circuit have continued to apply the *McCormick* pleading standard in *Monell* claims even after *Twombly*. *Padilla v. City of Chicago*, No. 07-CV-5253, 2011 WL 3793413, at *5 (N.D. Ill. Aug. 23, 2011).

Here, Doe has sufficiently provided ESL notice of the alleged wrongdoing. She has alleged several policies including the failure to train, supervise and control officers and the failure to adequately punish and discipline prior instances of similar misconduct. Doe provided not just one example of officer misconduct, but a list of examples of officer misconduct by East St. Louis police officers and alleges that ESLPD made findings of wrongdoings in a disproportionately small number of cases. Doe has pleaded more than a mere recitation of the

elements of a *Monell* liability claim and her complaint is sufficient to put ESL on notice of the claim against it. Accordingly, the Court denies the motion to dismiss to the extent it seeks to dismiss Doe's *Monell* claim for failure to properly allege a municipal policy.

### b.  Final Policy Making Authority

Next, ESL argues that Doe cannot establish *Monell* liability under the final policy maker theory because she has failed to identify an individual with final policymaking authority. Doe, however, does not make allegations in her complaint suggesting she is relying on the final policy maker theory to establish *Monell* liability. Doe does not suggest otherwise in her response to ESL's motion to dismiss. Accordingly, the Court denies this portion of the motion to dismiss as moot.

### c.  "Moving Force"

Next, ESL argues that Doe's *Monell* claim must be dismissed because she fails to allege that any official policy or custom was the "moving force" behind the constitutional violations. To establish a *Monell* claim, a plaintiff must show that

> the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Federal Rule of Civil Procedure 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Based on Rule 9(b), the Seventh Circuit concluded that a plaintiff pleading a *Monell* claim "does not need to plead facts 'demonstrating that the City was the moving force behind the alleged [misconduct].'" *McCormick v. City of Chicago*, 230 F.3d 319, 326 (7th Cir. 2000).

Doe has alleged that ESL knew of its officers' misconduct and supported that conduct by failing to train, supervise and control which "manifests deliberate indifference." Doc. 2-1, p. 4. Doe also alleged that (1) ESL's failure to punish and discipline similar misconduct facilitated the incident at issue in this case, and (2) these unofficial policies and customs led "[ESL] police officers to believe their actions will never be properly scrutinized and, in that way, directly encouraging future abuses such as those affecting [Doe]." *Id*. at 5.  Doe then lists seven specific instances in which East St. Louis police officers engaged in misconduct and alleged that the East St. Louis Police Department made findings of wrongdoing in a disproportionately small number of cases.  Based on these allegations, Doe has sufficiently pleaded that ESL was the moving force behind the alleged constitutional violation and has given ESL notice of the municipal liability claim against it.

### d.  *Respondeat Superior* Liability on State Battery Claim

Finally, ESL argues that Doe cannot establish *respondeat superior* liability on her state law battery claim because Carpenter and Parks were not acting within the scope of their employment when they allegedly committed the acts at issue.

Employers can be liable for their employee's torts committed in the scope of employment under the doctrine of *respondeat superior*. *Adames v. Sheahan*, 909 N.E.2d 742, 754-55 (Ill. 2009). *Respondeat superior* liability "extends to the negligent, willful, malicious or even criminal acts of its employees, when those acts are committed with the scope of employment." *Id*. at 755.  As a matter of law, Illinois courts have held that sexual assault, by its very nature, is not within the scope of employment under the doctrine of *respondeat superior*. *Doe v. Lawrence Hall Youth Servs.*, 966 N.E.2d 52, 62 (Ill. App. Ct. 2012).

Here, Doe's battery allegations arise from allegations of sexual assault. Because sexual assault can never be considered within the scope of employment for *respondeat superior* purposes, Doe's *respondeat superior* against ESL fails as a matter of law. Accordingly, the Court dismisses Count Five of Doe's complaint.

3. **Conclusion**

For the foregoing reasons the Court **GRANTS in part and DENIES in part** ESL's motion to dismiss. Specifically, the Court grants the motion to the extent it argues Doe's *respondeat superior* claim must be dismissed and denies the motion to the extent it argues Doe failed to allege a municipal policy, an official with final policy making authority, and a policy or custom that was the "moving force" behind the constitutional violations. The Court further **DISMISSES** Doe's *respondeat superior* claim contained in Count Five.

**IT IS SO ORDERED.**

**DATED:** October 3, 2013

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**